IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CLOVER MFG. CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> GE DESIGNS LLC, <br><br> Defendant. | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, CLOVER MFG. CO., LTD. ("Clover"), for its Complaint against Defendant, GE Designs LLC ("GE Designs" or "Defendant") states and alleges as follows:

## NATURE OF ACTION

1. Clover brings this action against Defendant seeking an injunction, damages, and other equitable relief for Defendant's willful infringement of United States Design Patent No. D697,779. This is a civil action for patent infringement under 35 U.S.C. § 271 brought by Clover against Defendant.

2. As a direct and proximate result of Defendant's willful infringement of the '779 patent, Clover has suffered irreparable harm and will continue to suffer irreparable harm unless and until Defendant is enjoined from further infringement by this Court.

1

## PARTIES

3. Plaintiff Clover is a Corporation organized and existing under the laws of Japan and has its principal place of business at 3-15-5 Nakamichi Higashinari-ku Osaka 537-0025. Clover is a nationwide provider of sewing-assisting clips.

4. Upon information and belief, Defendant GE Designs is a limited liability company organized and existing under the laws of the State of Minnesota and has its registered office located at 1435 Bethesda Circle, Chanhassen, MN 55317 and its principal executive office located at 125 Columbia Ct, Chaska, MN 55318. GE Designs is a registered limited liability company in the state of Minnesota.

5. Upon information and belief, Defendant sells its products at issue in this case throughout the United States, including in this judicial district.

6. Upon further information and belief, Defendant sells and offers to sell products at issue in this case through retail stores, via the internet, and a fully interactive website maintained at https://gequiltdesigns.com/ to customers in this judicial district and throughout the United States.

7. Upon further information and belief, Defendant is the operator of the website https://gequiltdesigns.com/.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

9. Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States, including 35 U.S.C. § 271.

10. This Court has personal jurisdiction over Defendant because Defendant is incorporated in the State of Minnesota.

11. Venue is proper in this district under the provisions of 28 U.S.C. § 1400(b) because Defendant is incorporated in the State of Minnesota and resides in this District.

## PATENT-IN-SUIT

12. On January 21, 2014, the U.S. Patent and Trademark Office duly and legally issued U.S. Design Patent No. D697,779 ("the '779 patent"), "titled Sewing-Assisting Clip", from Foreign Application Serial No. 2012-11782, filed on May 21, 2012 with the patent application no. 29/430,083 filed with the United States Patent and Trademark Office on August 21, 2012. The assignment of the '779 patent to Clover was recorded on August 21, 2012. A true and correct copy of the '779 patent is attached as **Exhibit A**.

13. The '779 patent describes a novel design for a sewing-assisted clip as described in seven illustrative Figures.

14. The '779 patent expressly states that "[t]he broken lines in the drawings are for illustrative purposes only and form no part of the claimed design."

15. The '779 patent is valid and enforceable.

16. Clover is the owner of all right, title, and interest in the '779 patent.

## FACTUAL BACKGROUND

17. Clover is a leader in sewing-assisting clips with its products sold in markets worldwide. Clover has been selling its sewing-assisting clips in the United States since December 2012.

18. On about December 1, 2012, after incurring engineering and development expenses, Clover introduced sewing-assisted clips having the novel and distinctive design embodied in the '779 patent into the United States. While other sewing clips were available before 2012, Clover revolutionized the sewing industry with its clip design.

19. At least Clover's Wonder Clips®, which come in various sizes, are an embodiment of the '779 patent.

20. Clover has promoted its clip design and its sales results from its novel design.

21. As a result of its unique and distinctive design, Clover's Wonder Clips® have become a successful commercial product for Clover in the United States. The specific shape design has been well-received by consumers and has led to market penetration.

22. Clover offers its Wonder Clips® for sale in stores and online via third-party retailers such as Michaels, Hobby Lobby, Amazon, Quilt in a Day, Fat Quarter Shop and specialty retailers throughout the United States.

23. Clover discovered Defendant's infringing clips at an exhibition held from October 28 to October 30, 2023, at the George B. Brown Convention Center in Houston, Texas, for the International Quilt Market exhibition, where Defendant offered for sale and sold the infringing clips.

24. Clover then discovered Defendant's website and that it sold its product in association with the search tag "wonder clips".

25. Upon information and belief, Defendant has been selling the infringing clips since at least about August 10, 2022.

26. Clover emailed correspondence to Defendant on December 11, 2023, notifying Defendant of the '779 patent and asking GE Designs to stop selling "GEasy Organizing Clips – Large" on Defendant's website as well as at festivals such as a Quilt Festival in November 2023.

27. Clover owns the trademark for "Wonder Clips" (Registration No. 5062060), and also asked in its December 11, 2023 letter that Defendant stop using "Wonder Clips", including on its website and at festivals.

28. Since that date, the parties have exchanged periodic correspondence. But despite Clover's best efforts, Defendant has not stopped its infringing activities.

29. Defendant continues to deliberately make, offer for sale, and/or sell infringing clips such as "GEasy Organizing Clips" in willful disregard and in violation of Clover's rights.

30. Upon information and belief, Defendant has made and continues to make and has used and continues to use "GEasy Organizing Clips" in the United States.

31. Notwithstanding Clover's rights, Defendant, without permission or authorization, has imported and/or made, offered for sale, and/or sold at least the "GEasy Organizing Clip" and clips with the same design and different overall sizes (e.g., small, large) since at least 2022.

32. Defendant's "GEasy Organizing Clip" is sold in packaging that states it is "for sewing, quilting & crafting."

33. After purchasing a package of "GEasy Organizing Clip" from Defendant's website in 2026, photos were taken as displayed below.

34. Defendant has offered to sell and has sold "GEasy Organizing Clip" in the United States.

35. Defendant markets and advertises "GEasy Organizing Clip" for sale in the United States.

36. Defendant has known about the '779 patent and its relevance to Clover at least since receiving Clover's December 11, 2023 letter.

## COUNT I
**(GE Designs' Infringement of the '779 patent under 35 U.S.C. § 271(a))**

37. Clover restates and realleges each of the allegations set forth above.

38. The '779 patent is valid and enforceable.

39. Clover is the owner of all right, title, and interest in and to the design covered by the '779 patent. Clover is entitled to receive all damages and the benefits of all other remedies for Defendant's infringement.

40. Defendant has directly infringed the '779 patent by making, using, selling, and/or offering to sell "GEasy Organizing Clip[s]" in the United States, without authorization from Clover.

41. Figure 1 of the '779 patent illustrates the perspective view of the ornamental design claimed:



42. The perspective view of GE Designs' "GEasy Organizing Clip" is:



43. Figure 2 of the '779 patent illustrates the front view of the ornamental design claimed:



44. The front view of GE Designs' "GEasy Organizing Clip" is:



45. Figure 3 of the '779 patent illustrates the rear view of the ornamental design claimed:



46. The rear view of GE Designs' "GEasy Organizing Clip" is:





47.     Figure 4 of the '779 patent illustrates the left side view of the ornamental design claimed:



Fig. 4

48.     The left side view of GE Designs' "GEasy Organizing Clip" is:



49.     Figure 5 of the '779 patent illustrates the right side view of the ornamental design claimed:



50.     The right side view of GE Designs' "GEasy Organizing Clip" is:



51. Figure 6 of the '779 patent illustrates the top plan view of the ornamental design claimed:



52. The top plan view of GE Designs' "GEasy Organizing Clip" is:



53. Figure 7 of the '779 patent illustrates the bottom view of the ornamental design claimed:



Fig. 7

54.     The bottom view of GE Designs' "GEasy Organizing Clip" is:



55.     The above pictures show how the "GEasy Organizing Clip" appears substantially the same as the claimed design of the '779 patent to an ordinary observer.

56.     Without permission or authorization from Clover, Defendant made, used, offered for sale and/or sold and continues to make, use, offer for sale, and/or sell at least the "GEasy Organizing Clip[s]" (varying size clips), which infringe the '779 patent.

57.     Defendant's "GEasy Organizing Clip[s]" contain each and every aspect of the claimed design of the '779 patent.

58.     Defendant's "GEasy Organizing Clip[s]" have an overall appearance that is confusingly similar to the claimed design in the '779 patent.

59. Defendant's "GEasy Organizing Clip[s]" have an overall appearance that is substantially the same as the claimed design in the '779 patent through the eye of an ordinary observer.

60. Specifically, the ordinary observer seeking to purchase sewing-assisted clips would be so deceived as to purchase the "GEasy Organizing Clip[s]" rather than Clover's Wonder Clips® believing the "GEasy Organizing Clip[s]" to be substantially the same as the claimed design of the '779 patent.

61. Defendant has manufactured, offered for sale, and/or sold clips which are copies of the design claimed in the '779 patent and indistinguishable to the ordinary observer.

62. Defendant has had actual notice of the '779 patent since at least 2023 and constructive notice since about August 21, 2012.

63. Clover has complied with the notice or marking requirements of 35 U.S.C. § 287.

64. Defendant's infringement of the '779 patent has been and continues to be willful.

65. Defendant's conduct has caused and will continue to cause Clover substantial damage, including irreparable harm, for which Clover has no adequate remedy at law, unless and until Defendant is enjoined from infringing the '779 patent.

66. "GEasy Organizing Clip[s]" utilize the same design as depicted in Figures 1 to 7 of the '779 patent.

67. On information and belief, Defendant's infringing acts will continue unless restrained by this Court.

68. The Defendant's actions have caused and are continuing to cause harm to Clover, which may not be fully compensated by monetary damages.

69. Clover is entitled to recover damages adequate to compensate Clover for Defendant's infringement of the '779 patent.

70. Defendant's infringement of the '779 patent has caused, is causing, and/or will continue to cause Clover to suffer irreparable harm, and Clover is entitled to preliminary and permanent injunctive relief to prevent further infliction of such harm.

## JURY DEMAND

71. A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Clover respectfully requests that the Court award the following relief:

a. A judgment in favor of Clover that Defendant has infringed the '779 patent;

b. Issuing temporary, preliminary, and permanent injunctions barring Defendant and all other actors acting in concert or participation with it from infringing the '779 patent;

c. A judgment that Defendant has willfully infringed the '779 patent;

d. A judgment and order requiring that Defendant shall account for and pay Clover the damages to which Clover is entitled as a consequence of Defendant's

infringement of the '779 patent, such damages to be increased because of the willful and deliberate character of the infringement pursuant to 35 U.S.C. §284;

  e. A judgment and order for Defendant's total profits in an amount subject to proof at trial, pursuant to 35 U.S.C. § 289;

  f. A judgment and award of any supplemental damages sustained by Clover for any continuing post-verdict infringement of the '779 patent until entry of final judgment with an accounting as needed;

  g. A judgment and order that Clover is further entitled to pre-judgment, post-judgment interest, and costs in this Action; and

  h. Any and all other award or relief to Clover that the Court deems just and equitable.

Dated: <u>March 2, 2026</u>        Respectfully submitted,

               <u>s/Jennell C. Bilek</u>
               Jennell C. Bilek (#0391078)
               Nathan Louwagie (#0397564)
               CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A.
               225 South Sixth Street, Suite 4200
               Minneapolis, MN 55402
               Phone: (612) 436-9600
               Facsimile: (612) 436-9605
               jbilek@carlsoncaspers.com
               nlouwagie@carlsoncaspers.com

               *Counsel for Plaintiff,*
               *Clover Mfg. Co., Ltd.*